IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ALPERT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-CV-3774 |
| | § | |
| MARK R. RILEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6) AND STAYING CASE PENDING RESOLUTION OF STATE COURT PROCEEDINGS**

Defendants Mark R. Riley and Dixie G. Menyier (the "Trustee Defendants"), Lolly & Fontenot, P.C. (the "Accountant Defendants"), and Scardino and Courtney (the "Lawyer Defendants") have filed motions to dismiss on the basis of abstention, standing, and the statute of limitations. (Docket Entry Nos. 26, 28, 29).[1] The Lawyer Defendants have also filed a motion to dismiss for failure to state a claim on which relief can be granted under FED. R. CIV. P. 12(b)(6). (Docket Entry No. 51). Based on the pleadings, the motions and responses, the parties' submissions, and the applicable law, this court denies the motions to dismiss and stays further proceedings, for the reasons stated below.

**I.    The Rule 12(b)(1) Motions**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter

---

[1] The Lawyer Defendants join these motions by way of a motion to adopt and join in the motion filed by the other defendants. (Docket Entry No. 28). That motion is granted.

jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In examining a factual challenge to subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261.

Plaintiffs seek declaratory relief and damages under 26 U.S.C. (I.R.C.) § 7431 and § 6103 for disclosing confidential financial information about the trust to outside entities, including the Internal Revenue Service. (Docket Entry No. 95, First Amended Complaint, ¶¶ 18-20, 50-51). Defendants contend that plaintiffs lack standing to assert these claims under the Internal Revenue Code. (Docket Entry No. 31, ¶ 27). Defendants argue in the alternative

that plaintiffs have not pleaded a viable cause of action against defendants under the Internal Revenue Code.  (Docket Entry No. 31, ¶ 30; Docket Entry No. 52 at 8-9).

Under the plain text of the statute, plaintiffs have standing to bring the claim under the Internal Revenue Code.  Section 7431 broadly states:

> If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against such person in a district court of the United States.

I.R.C. § 7431(a)(2).  Defendants claim that this provision does not apply to them because a more specific provision, I.R.C. § 7216, governs tax preparers such as the Accountant Defendants.  Defendants cite 26 C.F.R. § 301.7216-2, which limits liability under § 7216 for tax preparers who disclose confidential tax information for certain purposes, such as responding to a grand jury subpoena.  Although the alleged acts appear to fall within these exceptions, plaintiffs have not alleged (and lack standing *to* allege) violations of § 7216, a criminal statute.  Instead, plaintiffs seek recovery for disclosure of confidential tax information under the civil provision, § 7431.  Regulations governing § 7216 do not inform interpretation of § 7431.

The allegations in the Amended Complaint are broad.  The plain language of the statute, § 7431, is also broad. Defendants do not provide authority for their argument that plaintiffs lack standing to sue the Accountant Defendants under § 7431.  This aspect of defendants' argument fails.

Defendants invoke FED. R. CIV. P. 12(b)(1) in urging the court to dismiss this action

on abstention grounds. "Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 125 S. Ct. 1517, 1527 (2005). The Supreme Court "has repeatedly held that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id.* at 1526-27 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). However, "circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise jurisdictional administration . . . though exceptional, do nevertheless exist." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-two Fire Equipment Co.*, 342 U.S. 180, 183 (1983)). In determining whether to dismiss on abstention grounds, a court looks to six factors: (1) avoidance of exercise of jurisdiction over particular property by more than one court; (2) inconvenience of the federal forum; (3) desirability of avoiding piecemeal litigation; (4) consideration of the order in which each jurisdiction obtained jurisdiction; (5) applicability of federal or state law to the merits of the claims at issue; and (6) adequacy of the state court proceedings to protect the rights of the party that invoked the federal court's jurisdiction. *Colorado River*, 424 U.S. at 818.

This case falls short of the "extraordinary circumstances" necessary to dismiss the action outright. Although ongoing state court proceedings will overlap some of the issues in this case, few of the factors counseling abstention exist. Defendants fail to demonstrate that any single factor weighs heavily in favor of dismissal. There is no particular piece of property

at issue in this forum that could be the subject of a competing or contradictory decision. Litigating in the Houston Division of the Southern District of Texas is not inconvenient to the parties, who continue to litigate in state court in Harris County, also in Houston. Some of plaintiffs' claims will never be heard in state court, mitigating concerns over piecemeal litigation. Although plaintiffs' claims touch on matters of state law, and could be affected by state law, many of the claims in this federal suit are matters of federal law. The parties have not shown that the state courts are unable to protect and adjudicate the rights of the parties in this dispute. Finally, although the state probate court obtained jurisdiction of the suit before it first, (Docket Entry No. 31, ¶ 21, Exs. C & D), this factor weighs in favor of delaying, but not dismissing, the federal action pending resolution of the state court suit. This court declines to dismiss this case on abstention grounds.

Although the record does not support abstention in favor of the state court proceedings, those proceedings could nevertheless affect this case. The state and federal cases arise from many of the same facts. Although the state and federal causes of action differ, the state court suit may have a preclusive effect on some of the issues raised in this federal case. The state probate court has recently concluded a trial that could affect this case and resolve some of the factual disputes. In the interest of judicial economy, efficiency of administration, and comity to the state court, this court will stay proceedings in this case until the state court proceedings have concluded. *See generally Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (noting a district court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Edwards v. Cass County*,

919 F.2d 273, 275 (5th Cir. 1990); *Taylor v. Combustion Eng'g*, 782 F.2d 525, 527 (5th Cir.1986). The fact that the state court has already completed the trial means that the stay is unlikely to be lengthy.

The motions for summary judgment in this case will be considered after the state court proceedings conclude. By staying litigation in this case until the state proceedings have ended, this court may readily resolve, if not eliminate entirely, many of the concerns defendants raise in the motions to dismiss.

**II.     The Rule 12(b)(6) Motion**s

Defendants also seek dismissal of the action under FED. R. CIV. P. 12(b)(6). The Accountant Defendants contend that Texas trust law does not permit plaintiffs to assert claims against them because the plaintiffs lack privity. Additionally, all defendants claim that all plaintiffs' claims, on their face, are barred by the controlling statutes of limitations. (Docket Entry No. 31, ¶¶ 31-36). Specifically, defendants contend that plaintiffs' claims for negligence, negligent misrepresentation, gross negligence, and civil conspiracy are barred by a two-year statute of limitations, and that plaintiffs' claims for fraud and breach of fiduciary duty are barred by a four-year statute of limitations. (*Id.* at ¶ 32).

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). The district court may not dismiss a complaint under Rule 12(b)(6)

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This strict standard of review under Rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (internal citations, quotation marks and ellipses omitted). If an affirmative defense or other barred relief (such as absolute immunity or statute of limitations) is apparent from the face of the complaint, a motion under Rule 12(b)(6) should be granted. 5B Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE Civil 3d § 1357, at 708 (2004).

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. FED. R. CIV. P. 12(b)(6). Various circuits have specifically allowed that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994); *Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1998); *Sheppard v. Texas Dep't of Transp.*,

158 F.R.D. 592, 595 (E.D. Tex. 1994). In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated. The Fifth Circuit has approved of this practice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000).

The Accountant Defendants also argue that plaintiffs' claims are barred because Texas law does not permit trust beneficiaries to sue accountants hired by a trust for breach of fiduciary duties owed to the trustee.[2] The law is somewhat unclear on this point. In the case of attorneys, a plaintiff must have privity (through an attorney-client relationship) to have standing to assert a claim for breach of the fiduciary duty arising from that relationship. *See Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 624 (Tex. Ct. App.-Houston [1st Dist.] 1993, *writ denied*) (disallowing a cause of action against law firm because no attorney-client relationship existed between the trust beneficiary and the law firm representing the trust); *see also Poth v. Small, Craig & Werkenthin, L.L.P.*, 967 S.W.2d 511, 514 (Tex. App. - Austin 1998, *pet. denied*) (adopting *Thompson* and rejecting individual claims by a trust beneficiary against the trust's attorney for lack of privity). However, privity is not required for every claim. A claim for negligent misrepresentation does not depend on privity between the plaintiff and defendant. *See First Nat'l Bank of Durant v. Trans Terra Corp. Int'l*, 142, F.3d 802, 807-10 (5th Cir. 1998) (affirming a directed verdict in favor of a law firm on a malpractice claim because no attorney-client relationship existed, but reversing the directed

---

[2] The Accountant Defendants make this argument under Rule 12(b)(1); however, this claim is more properly considered as an argument under Rule 12(b)(6).

verdict as to a claim for negligent misrepresentation and holding, based on an *Erie* guess, that Texas courts would permit a negligent misrepresentation claim even when no strict privity existed).  On the present record, however, this court need not resolve this ambiguity or decide whether the case law applicable to Texas legal professionals also applies to the Accountant Defendants.  Plaintiffs assert claims on their own behalf as well as on behalf of the trust. (*See* Docket Entry No. 45, ¶¶ 24-25).  This court cannot say that, as a matter of law, all claims against the Accountant Defendants fail for lack of privity.  The motion to dismiss on this basis is denied, without prejudice to the Accountant Defendants' right to raise it in a motion for summary judgment, tied to specific claims and specific defendants.

The Lawyer Defendants rely in part on different authority in support of their motions under Rule 12(b)(6).  (Docket Entry No. 52).  Based on existing case law, the Lawyer Defendants have a stronger argument than the Accountant Defendants on the breach of fiduciary duty claims.  However, given the unique allegations in this case and the allegations in the Amended Complaint, the court declines to dismiss the Lawyer Defendants at this time. In arguing that the Lawyer Defendants should be dismissed from the action under the Internal Revenue Code,  the Lawyer Defendants fail to acknowledge that the statute cited by plaintiffs pertains to non-government defendants.  *Compare* I.R.C. § 7431(a)(2) (quoted *supra*) *with* Docket Entry No. 52 at 9 ("The plain meaning of the statute clearly illustrates that the statute was design [sic] to restrict the government's disclosure of such information.").  The other arguments made by the Lawyer Defendants are similarly insufficient at this stage of the proceedings to warrant dismissal.

Similarly, although summary judgment evidence may ultimately vindicate defendants' contention that all claims are time-barred, plaintiffs' Amended Complaint pleads the discovery rule: "Plaintiffs did not learn of Riley's [allegedly fraudulent] scheme until the fourth quarter of 2003." (Docket Entry No. 45, ¶18). Plaintiffs allege an ongoing conspiracy among defendants that continued through 2004. (*Id.* at ¶¶ 24-25). Plaintiffs originally filed this suit on September 28, 2004. (Docket Entry No. 1). Plaintiffs' claims are not barred on the face of the complaint, as necessary to grant a motion to dismiss based on time limitations. *See, e.g.*, *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997) ("Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff's complaint – most commonly that the statute of limitations has run – may properly be asserted in a Rule 12(b)(6) motion.") (citations omitted). Based on these dates and the allegations in the Amended Complaint, defendants' motion under Rule 12(b)(6) on the basis of the statute of limitations fails.

### III.  Conclusion

The motions to dismiss are denied. However, this court stays the proceedings until the conclusion of the ongoing state court proceedings. The court reserves the right to lift the stay if the interests of judicial economy and administration would be better served by continuing these proceedings. The pending motions for summary judgment and the motion for a more definite statement (Docket Entry Nos. 63, 65, 66, 70) will be considered after the conclusion of the state court proceedings, or when the stay is otherwise lifted. The parties are ordered

to provide this court with a written status report of the state court proceedings (as well as other related proceedings in any other venue, including federal court, affecting this case) on September 30, 2005 and every thirty days thereafter.

SIGNED on September 9, 2005, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge