**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT ALPERT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-CV-3774 |
| | § | |
| MARK R. RILEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This memorandum and opinion addresses the following motions:

1. The plaintiffs' opposed motion for leave for Linda Stanley to join this action as a party. (Docket Entry Nos. 204, 212, 218).

2. The Accountant Defendants' motion to strike the plaintiffs' "First Supplement to Third Amended Complaint" or, in the alternative, motion for a more definite statement. (Docket Entry Nos. 205, 209, 216).

3. The motion by defendant Mark R. Riley to quash the notices of deposition by written questions issued by the plaintiffs to Wells Fargo Bank, N.A. and Charles Schwab & Co. (Docket Entry Nos. 214, 219).

Based on the motions, responses and replies; the record; and the applicable law, this court grants the plaintiffs' motion for leave to join Linda Stanley as a party plaintiff; denies the Accountant Defendants' motion to strike the First Supplement to Third Amended Complaint, but grants the motion for a more definite statement; and denies Riley's motion to quash the notices of deposition by written questions. The reasons for these rulings are explained in detail below.

**I.    Background**

The plaintiffs' Third Amended Complaint raises allegations based on Riley's and Meynier's actions after June 8, 2005 relating to the 1990 Roman Alpert Trust (RAT) and Daniel Alpert Trust (DAT), and the Robert Alpert 1996 Children's Trust (the "Children's Trust") (together, the "three Trusts"); Riley's and Meynier's actions relating to the Alpert Family Charitable Remainder Unitrust (the "CRUT"), which Alpert formed in 1997; Riley's and Meynier's actions relating to Alpert's other finances and businesses; and Riley's involvement in providing confidential information about his former client, Alpert, to the IRS, allegedly for compensation. The plaintiffs' allegations include that Riley "injected himself into the administration of the [three] Trusts by claiming he was trustee and refusing to relinquish the [three] Trusts' assets." (Docket Entry No. 132 ¶ 8). The plaintiffs allege that Riley fraudulently disposed of trust assets while improperly serving as trustee. On June 5, 2008, the Court of Appeals for the First District of Texas reversed a Texas probate court and concluded that Riley was never properly the trustee of the three Trusts. This decision was confirmed, and rehearing denied, on October 23, 2008. *See Alpert v. Riley*, 274 S.W.3d 277 (Tex. App. [1st Dist.] 2008, pet. filed). After this ruling, Linda Stanley was appointed as trustee of the three Trusts. (Docket Entry No. 212 ¶ 3). Riley is seeking review of the Court of Appeals decision in the Texas Supreme Court.

In the Second Amended Complaint, now superseded by the Third Amended Complaint, the plaintiffs alleged that the accounting firm Lolley & Fontenot, P.C. and its principals, R. Lance Lolley and Bobby L. Fontenot (together, the "Accountant Defendants"), conspired with Riley in his improper activities with respect to the three Trusts and other of Alpert's trusts and business interests. These claims were dismissed on summary judgment on March 29, 2007. (Docket Entry No. 127).

**II.     Analysis**

    **A.     The Motion to Join Linda Stanley as an Additional Plaintiff**

The plaintiffs contend that Linda Stanley's joinder is "appropriate and necessary because included among the claims this Court is asked to address are issues concerning what Plaintiffs contend were inappropriate actions and disbursements by Riley with regard to the Alpert Trusts since the verdict in the probate court dated June 8, 2005." (Docket Entry No. 204; No. 212 ¶ 4). Riley and Meynier oppose the joinder, arguing that this court may not consider Stanley to be the trustee of the trusts because the Court of Appeals decision reversing the probate court judgment that Riley was the proper trustee of the three Trusts is the subject of a petition pending before the Texas Supreme Court. (Docket Entry No. 218). Riley and Meynier assert that until that petition is acted on and a mandate issues from the Supreme Court, the probate court decision is "final," the Court of Appeals ruling has no effect, Riley is the proper trustee, and Stanley has no standing to join this action. (*Id.* at 3–4).

The rules and cases that Riley and Meynier cite state only that trial and appellate court decisions are not enforceable "until all appellate rights are exhausted" and a mandate (an order from the court that hears the final appeal that orders the trial court to comply with the judgment rendered on appeal) has issued. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999); Tex. R. App. P. 51.1(b). The cases do not state that a trial court decision overturned by an appellate court is enforceable or otherwise treated as "final" while the appellate court decision is the subject of a petition for Supreme Court review.

Linda Stanley asserts a viable claim to be trustee of the three Trusts. Stanley's joinder is appropriate under Federal Rule of Civil Procedure 19(a), which provides, in relevant part, that "[a]

person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest." FED. R. CIV. P. 19(a)(1)(B)(i). Stanley's joinder is also appropriate under Federal Rule of Civil Procedure 20(a), which permits joinder if "any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1)(B).

The plaintiffs' motion for leave to allow Stanley to join is granted.

### B.     The Motion to Strike the "First Supplement to Third Amended Complaint"

The plaintiffs have filed a "First Supplement to Third Amended Complaint" that provides additional detail to the fraud-based allegations of their RICO cause of action. (Docket Entry No. 205). The plaintiffs submitted this additional material at the order of this court, (Docket Entry No. 201), after repeated demands by counsel for Riley and Meynier that the plaintiffs produce a "RICO Statement" (a filing no longer required by local rule in this district). The Accountant Defendants have moved to strike this filing, or, in the alternative, for a more definite statement.

#### 1.     The Motion to Strike

The Accountant Defendants argue that the filing should be stricken because it is styled as a "supplement" to the complaint. The Accountant Defendants argue that under Federal Rule of Civil Procedure 15(d), "supplemental pleadings" may only set forth "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented," FED. R. CIV. P. 15(d), and that the plaintiffs' filing refers only to events that happened before the filing of the Third Amended Complaint. The plaintiffs respond that by titling their filing a "supplement" they did not intend to

invoke Rule 15(d). Instead, the format chosen was simply "intended to simplify the review by the Court and the opposing parties of the additional information being provided." (Docket Entry No. 216 ¶ 3). The plaintiffs ask this court to treat their filing as an amendment to be incorporated by reference into the plaintiffs' Third Amended Complaint or for leave to file a fourth amended complaint incorporating the information contained in the "supplement."

The plaintiffs' filing is not a "supplement" to the pleadings under Rule 15(d). The label the plaintiffs have chosen does not preclude this court from treating the filing as a pleading amendment. "Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common. However, these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15." 6A CHARLES A. WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 1504, at 184 (2d ed. 1990). The plaintiffs filed their "supplement" to the complaint to comply with a court order, which was issued at the urging of counsel for Riley and Meynier for a more detailed pleading. The parties' intent was that the "supplement" would clarify the plaintiffs' fraud-based RICO allegations. This pleading, similar to a RICO statement, would be treated as an amendment added to the complaint to be read in conjunction with the complaint.[1] The plaintiffs' First Supplement to Third Amended

---

[1] *See, e.g., Tal v. Hogan*, 453 F.3d 1244, 1263 n.18 (10th Cir. 2006) ("When evaluating the sufficiency of pleadings under Rule 12(b)(6) of the Federal Rules of Civil Procedure, we may consider the allegations made in a plaintiff's RICO Case Statement in conjunction with the complaint."); *Int'l Fire and Safety, Inc. v. HC Servs., Inc.*, No. 2:06-cv-63, 2006 WL 2483336, at *2 (S.D. Miss. Aug. 28, 2006) ("In reviewing the RICO Statement in conjunction with the Complaint, the court concludes that the plaintiff has sufficiently pled its claim of fraud and fraudulent misrepresentation . . . ."); *McDonald v. Heaton*, No. Civ. 06-0601, 2006 WL 2090088, at *1 (W.D. Okla. July 25, 2006) ("Treating the RICO case statement as an amendment to the complaint, this court now reviews . . . the sufficiency of the plaintiff's RICO claim."); *Hall v. Tressic*, 381 F. Supp. 2d 101, 104 n.1 (N.D.N.Y. 2005) (Local rule "requires courts to construe the RICO statement as an amendment to the complaint."); *Ricotta v. State of Cal.*, 4 F. Supp. 2d 961, 981 (S.D. Cal. 1998) (In accordance with local rule, a RICO statement "is considered an amendment to the original pleadings . . . [that] relates back to the date of the original because the information . . . arose out of the same conduct,

Complaint is properly considered as part of the Third Amended Complaint, to be read in conjunction with it.

The motion to strike the First Supplement to Third Amended Complaint is denied.

### 2. The Motion for a More Definite Statement

The Accountant Defendants move in the alternative under Rule 12(e) for a more definite statement. Only paragraph 7 of the First Supplement to Third Amended Complaint references the Accountant Defendants. That paragraph states:

> In June, 1998, Riley also represented to Alpert that the Accountant Defendants were being retained because they had expertise in CRUT accounting. Alpert relied on that representation and did not learn until after the Accountant Defendants had been involved in Alpert's accounting and had participated in Riley's scheme against Alpert that they had no expertise in CRUT accounting, but that they were hired because Riley could control them. As a result of Alpert's reliance on Riley's representations concerning the Accountant Defendants, Alpert paid charges far in excess of those which should have been paid for their services. Alpert also suffered other damages because of his reliance on this misrepresentation by Riley when the Accountant Defendants assisted in furthering Riley's scheme against Alpert.

(Docket Entry No. 205 ¶ 7). The Accountant Defendants contend that they are unable to determine whether this paragraph states any RICO allegations against them, and if so, what those allegations are. The plaintiffs counter that "because the information required to fully address these issues is in the possession of other parties, the Court [should] allow reasonable discovery to Plaintiffs before

---

transaction and occurrence as set forth in the original pleading."); *Perlberger v. Perlberger*, No. Civ. A. 97-4105, 1997 WL 597955, at *4 (E.D. Pa. Sept. 16, 1997) ("The Court will deem Plaintiff's RICO Case Statement as an amendment to the Complaint."); *Baxter v. A.R. Baron & Co., Inc.*, No. 94-cv-3913, 1996 WL 586338, at *12 n.6 (S.D.N.Y. Oct. 11, 1996) ("Because the complaint must be read in conjunction with the RICO Case Statement, the allegations relating to Baron Group and Goldman in the RICO Case Statement govern."); *Marriott Bros. v. Gage*, 704 F. Supp. 731, 746 (N.D. Tex. 1988) ("Because the court ordered the filing of the RICO statement to obtain detailed information about the case, it can consider these matters without amendment of the pleadings, and has done so.").

requiring any additional RICO statement or any additional amendment." (Docket Entry No. 216 ¶ 6).

A party is entitled to a more definite statement when a portion of the pleadings to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e). "[M]otions for a more definite statement are generally disfavored." *Russell v. Grace Presbyterian Village*, No. 3:05-cv-0030, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (citing 5A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1377 (2d ed.1990)). "Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Id.* (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir.1959)). Rule 12(e) may be used as a vehicle "to challenge a pleading based on insufficient particularization of the circumstances of an alleged fraud" under Rule 9(b). 5A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1300 (3d ed. 2004); *see also United States ex rel. Bonin v. Community Care Ctr. of St. Martinville, LLC*, No. 05-1005, 2008 WL 2597943, at *2 (W.D. La. June 26, 2008) (Rule 12(e) is appropriately invoked "to address a failure to comply with the heightened pleading requirements of Rule 9.").

RICO fraud allegations are subject to the heightened pleading requirements of Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Th[is] Rule 9(b) standard can be relaxed where the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge." *United States ex rel. Rafizadeh v. Continental Common, Inc.*, 553 F.3d 869, 873 n.6 (5th Cir. 2008) (internal citation and quotation omitted). "The claimant should allege in the pleadings that he did not have access to the facts relating to the fraud in order to relax the

requirements of Rule 9(b) and allow pleading 'on information and belief' to meet the particularity standard." *7-Eleven Inc. v. Puerto Rico-7 Inc.*, No. 3:08-0140, 2008 WL 4951502, at *2 (N.D. Tex. Nov. 19, 2008) (citing *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003)). But even under this relaxed standard, the plaintiff must still "set[ ] forth the factual basis for his belief." *United States ex rel. Russell v. Epic Healthcare Mgt. Group*, 193 F.3d 304, 308 (5th Cir. 1999). This exception "must not be mistaken for license to base claims of fraud on speculation or conclusory allegations." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Allegations on "information and belief" "remain subject to the particularity requirements of Rule 9(b)." *United States ex rel. Hebert v. Dizney*, 295 F. App'x 717, 723 (5th Cir. 2008).

Both the plaintiffs and the Accountant Defendants have taken the position in the present motions that all claims against the Accountant Defendants were dismissed on summary judgment on the Second Amended Complaint on March 29, 2007 and that no new claims are outstanding under the Third Amended Complaint. (Docket Entry Nos. 209, 216). But the Third Amended Complaint, filed on May 24, 2007, names the Accountant Defendants as defendants and makes various allegations that appear to involve the Accountant Defendants. (Docket Entry No. 132 ¶¶ 11–14, 30, 36, 59–63). The Accountant Defendants moved to dismiss the claims in the Third Amended Complaint on June 12, 2007. (Docket Entry No. 137). That motion was denied on June 26, 2007. (Docket Entry No. 142). This court's January 31, 2008 opinion addressing the Third Amended Complaint noted the claims in the Third Amended Complaint outstanding against the Accountant Defendants and denied the Accountant Defendants' motion for entry of final judgment

under Rule 54(b) for the summary judgment dismissal of the claims in the Second Amended Complaint. (Docket Entry No. 181 at 4–5, 19–21).

The plaintiffs are entitled to some relaxing of the requirements of Rule 9(b) because much of the evidence that would form the basis for their fraud claims against the Accountant Defendants is alleged to be peculiarly within the control of the defendants. The allegations in the First Supplement to Third Amended Complaint, however, are insufficient under even the more relaxed standard. The allegations do not make clear even whether the plaintiffs are asserting claims against the Accountant Defendants. The Accountant Defendants' motion for a more definite statement is granted. The plaintiffs must amend the First Supplement to Third Amended Complaint by May 15, 2009, to state whether they are pursuing claims against the Accountant Defendants, and if so, what the claims are, sufficient to provide notice of the claims and of the grounds for relief. The plaintiffs may plead these elements on information and belief if necessary.

### C.     The Motion to Quash the Notices of Written Deposition

Riley has filed a motion to quash notices of intent to take depositions by written questions on two financial institutions, Wells Fargo and Charles Schwab. (Docket Entry No. 214). The proposed deposition questions seek, "[f]or the period April 1, 2006 to the present, . . . documents relating to any and all accounts held for the Roman Alpert Trust, the Daniel Alpert Trust, and the Roman Alpert 1996 Children's Trust, on which Mark Riley is designated as the Trustee and/or the signatory." (*Id.*, Ex. 2). Wells Fargo and Charles Schwab have not sought to quash the deposition notices and have indicated that they will comply. (Docket Entry No. 219 n.2). Riley objects on the ground that the plaintiffs have not followed the requirements of § 59.006(c) of the Texas Finance Code, which governs the procedure to secure nonparty customer records. Riley contends that

9

because § 59.006(c) was not followed, the plaintiffs have not given the financial institutions "a reasonable time to comply," as required by Federal Rule of Civil Procedure 45(c)(3)(A)(I).

The plaintiffs correctly point out that § 59.006(c) applies only to nonparties and the records the plaintiffs seek – documents for the Alpert trusts in which Riley appears as the trustee – are party documents. In addition, federal procedural rules, not state rules, apply to discovery in this federal case. (Docket Entry No. 219); *see also British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 594 (W.D. Tex. 2000). Riley does not dispute that the plaintiffs' deposition notices comply with the applicable federal procedural rules, including Federal Rule of Civil Procedure 31 (depositions by written questions) and Federal Rule of Civil Procedure 45 (subpoenas).

Riley's motion to quash is denied.

### III. Conclusion

The plaintiffs' motion to join Linda Stanley as a party plaintiff is granted; the Accountant Defendants' motion to strike the First Supplement to Third Amended Complaint is denied, but the motion for a more definite statement is granted; and Riley's motion to quash the notices of deposition on written questions is denied.

SIGNED on April 30, 2009, at Houston, Texas.

            _____
                       Lee H. Rosenthal
                 United States District Judge