IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT ALPERT, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-04-CV-3774 |
| § | |
| MARK R. RILEY, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER GRANTING
## PRELIMINARY INJUNCTION

The plaintiffs have filed a Renewed Motion for Injunctive Relief, seeking a preliminary injunction. The requirements for issuance of a preliminary injunction have been satisfied, and the plaintiffs' motion seeking the deposit of assets of the Roman Alpert Trust ("RAT"), the Daniel Alpert Trust ("DAT"), and the Robert Alpert 1996 Children's Trust ("96 Trust") into the registry of this court pending further Order is granted.

On March 28, 2006, a final judgment was signed in Cause No. 305,232-401, styled *In Re: The Roman Alpert Trust, Daniel James Alpert Trust, and The Robert Alpert 1996 Children's Trust; Mark Riley, Trustee vs. Robert Alpert, et al.*, in Probate Court Number Two of Harris County, Texas (the "Probate Judgment"). In the Probate Judgment, Riley was found to have been trustee of all three Alpert Trusts; the Riley trusteeship as to all three Alpert Trusts was terminated, effective on the date of the verdict of June 8, 2005; and Riley was reappointed trustee of all of the Alpert Trusts, effective on the date of the Probate judgment. Riley obtained the assets of the Three Alpert Trusts on April 12, 2006 by claiming the Probate Judgment gave him the authority to do so.

The Alperts appealed. On July 3, 2006, the First Court of Appeals stayed the Probate Judgment. That stay remained in effect throughout the appeal and was reaffirmed by the First Court of Appeals on June 29, 2007 and again on February 1, 2008.

The Probate Judgment was reversed on June 5, 2008. In reversing the Probate Judgment, the First Court of Appeals rendered the judgment that Riley was never the trustee of the Robert Alpert 1996 Trust. The Court of Appeals remanded to determine if Riley had been the trustee of the DAT and RAT Trusts. *Alpert v. Riley*, 274 S.W.3d 277, 289 (Tex. App.–Houston [1st Dist.] 2008, pet. denied). But the First Court of Appeals also rendered its judgment that Riley is not the successor trustee of any of the Alpert Trusts. *Id*. at 296.

It is well-settled in Texas that after a judgment is reversed, money paid as a result of a vacated judgment must be restored. *Drake v. Trinity Universal Ins. Co.*, 600 S.W.2d 768, 771 (Tex. 1980). Not only did Riley continue to pay amounts from the Alpert Trusts even after the stay had been ordered by the First Court of Appeals, he continued to pay amounts from the Alpert Trusts after the reversal of the Probate Judgment and the rendered judgment that he was not the successor trustee.

Riley recently asserted in this federal court that his authority to control and dissipate the assets of the Alpert Trusts comes from: (i) the Probate Judgment, even though it has now been reversed and rendered on the issue of Riley's status as trustee since June 8, 2005; and (ii) the trust instruments themselves, even though the instruments can provide no authority because, regardless of the outcome of the remand, Riley has not been the trustee of the RAT and the DAT since at least June 8, 2005. Riley's assertion is that, if successful on the remanded issues, he can appoint the successor trustee of the RAT and the DAT. Riley's position at the hearing on March 8, 2010 was

2

that, even without a ruling on the remanded issues, he has authority to appoint successor trustees for the RAT and DAT and that in January 2010, he appointed himself successor trustee. That interpretation contradicts both the ruling by the First Court of Appeals and the Alpert trust instruments themselves.

For more than a year, despite numerous orders from this court directing Riley to provide documents showing transactions of and payments from the Alpert Trusts, Riley has repeatedly refused to do so. The information the plaintiffs have finally been able to obtain relating to transactions of the Alpert Trusts since the reversal of the Probate Judgment show that, instead of restoring the funds relating to the unauthorized payments made before the reversal of the Probate Judgment, Riley has continued since the reversal to dissipate those trusts for his own benefit. Based on those recent disclosures and Riley's continued discovery delays and the positions he has taken in this court, there is every indication Riley will continue his pattern of unauthorized control over the assets of the Alpert Trusts.

The amounts paid from each of the three Alpert Trusts by Riley since March 28, 2006 are outlined in Exhibits 1, 2, and 3 attached to this Preliminary Injunction. Unless Riley is ordered to restore the funds removed from all three Alpert Trusts since March 28, 2006 and deposit those restored funds in the amounts specified into the registry of this court, to be held in interest-bearing accounts for the benefit of the applicable Alpert Trust pending further Order of this court, the Alpert Trusts and their beneficiaries will suffer irreparable harm for which there is no adequate remedy at law.

In addition, unless Riley is ordered to cease and desist from taking any more money out of the Alpert Trusts, including making payments to himself and/or his attorneys, and to deposit all other

assets of the Alpert Trusts, including any investments Riley has made with assets of any of the three Alpert Trusts or Bishop Rock, L.P., into the registry of this court to be held pending further Order, the plaintiffs will suffer irreparable harm for which there is no adequate remedy at law. Absent such relief, Riley will continue to dissipate the assets of the Alpert Trusts, despite the fact that he has no authority to do so. If such actions are not immediately restrained, the Trusts' assets will be lost forever because it does not appear that Riley has either the intention or the ability to repay his unauthorized withdrawals from the Trusts' assets now that the Probate Judgment has been reversed.

The plaintiffs have shown a likelihood of success on the merits on these issues, and the injunctive relief sought by plaintiffs will not adversely affect public policy or the public interest. To the contrary, the public interest is served by preserving the status quo pending the conclusion of relevant proceedings.

It is therefore ordered that, on or before **April 9, 2010**, Riley, his agents, servants, attorneys, accountants, employees, assigns, representatives, and those persons in active concert or participation with him are ordered to take actions necessary to restore the amounts removed from the Alpert Trusts since March 28, 2006 as specified in Exhibits 1, 2, and 3, and deliver those funds to the registry of this court, to be held in interest-bearing accounts until further Order of this court. Those funds total the following amounts for each trust:

   $327,057.05 for the Robert Alpert 1996 Children's Trust.

   $860,936.28 for the Roman Alpert Trust.

   $527,379.77 for the Daniel Alpert Trust.

It is further ordered that any other assets still held by any of the three Alpert Trusts, including any investments made with assets of any of the Alpert Trusts or Bishop Rock, L.P. are to also be

deposited by Riley into the registry of the court on or before **April 9, 2010**, to be held in an interest-bearing account for the applicable trust until further Order of this court.

It is further ordered that Riley; his agents, servants, attorneys, accountants, employees, assigns, representatives; and those persons in active concert or participation, are ordered to cease and desist from removing any other funds or assets of any kind out of any of the Alpert Trusts, Bishop Rock, L.P., or any investments Riley has made with assets of any of the three Alpert Trusts or Bishop Rock, L.P.  This prohibition includes, but is not limited to, making any payments to Riley and/or Riley's counsel.

It is finally ordered that, based on the strength of the plaintiffs' case on these issues and the lack of potential harm to defendant because of the relief ordered, the plaintiffs are not required to post a bond.

SIGNED on March 29, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

5