**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT ALPERT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-3774 |
| | § | |
| MARK R. RILEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

**I.      Background**

The remaining issue in this case is the application for attorney's fees filed by two of the plaintiffs, the trust beneficiaries Roman Alpert and Daniel Alpert, and the intervenor, Linda Stanley, who became trustee of the Roman Alpert Trust, the Daniel Alpert Trust, and the 1996 Children's Trust after the federal and state litigation resolved most of the issues relating to the authority of the defendant, Mark R. Riley, to continue to serve as trustee of the three trusts.  The application for attorney's fees is supported by an affidavit by the plaintiffs' counsel, Bobbie G. Bayless, summarizing the basis for seeking the fees, the basis for asserting that the amounts sought are reasonable, and a listing of the expenses sought.  The affidavit is not accompanied by copies of time records, billing statements, invoices, or other records showing or supporting the amounts sought. (Docket Entry No. 498.)

In response, Mark Riley filed a number of objections.  (Docket Entry No. 517.)  No reply has been filed.  Indeed, no activity is reflected in this court's docket sheet except the withdrawal of Riley's counsel (Riley, of course, is an attorney), and the dismissal of the appeal.

Riley's objections are addressed below.  For the reasons explained, this court finds most of his objections without merit.  But this court also finds that the materials submitted in support of the fees are insufficient for the meaningful review that is required.  Accordingly, the application for fees is denied, but without prejudice.  Counsel for the applicants may file an application with the necessary supporting material, no later than **July 1, 2012**.

## II.    The Fee Application and the Objections

The plaintiffs seek fees under § 114.064 of the Texas Trust Code, which provides that "[i]n any proceeding under this code the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just."  TEX. PROP. CODE ANN. § 114.064 (West 2007).  Under Texas law, the granting or denying of attorney's fees under this section is within the sound discretion of the trial court.  A reviewing court may not reverse the trial court's judgment absent a clear showing that the trial court abused its discretion by acting without reference to any guiding rules and principles.  *In re Ray Ellison Grandchildren Trust*, 261 S.W.3d 111, 126 (Tex. App.—San Antonio 2008, pet. denied); *Hachar v. Hachar*, 153 S.W.3d 138, 142 (Tex. App.—San Antonio 2004, no pet.).

The applicants are clear about what fees they are not seeking.  They do not seek fees relating to Riley's actions with respect to Robert Alpert unrelated to the three Trusts.  Robert Alpert dismissed his claims against Riley and other defendants relating to matters other than the Trusts.  Nor do the applicants seek fees for any work solely related to claims against defendants other than Riley.  The only exception is fees for work relating to other parties and claims that is so "inextricably intertwined" with the claims relating to Riley's involvement with the Trusts that it could not be separated.  (Docket Entry No. 498, at 1.)  Finally, Bayless's affidavit summarizes the nature and

2

extent of the work on the claims against Riley and concludes that 1,750 hours were "reasonably required" to pursue them.  As to the hourly rate, Bayless states that she is using the discounted hourly rate that was specified under the fee agreement, in the amount of $200.00 per hour.  (Docket Entry No. 498-1, at 2–3.)

The applicants' primary arguments in favor of this court awarding the fees sought are attractive, particularly in light of the years this case has been pending in both state and federal courts. The arguments are that Riley is such an intractable, unrepentant, and unreasonable litigant — such a bad guy, in short — and the plaintiffs are so circumspect in limiting their fee application to the work done on claims against Riley relating to the Trusts and to an hourly rate that is so clearly below market, that the amounts sought are both reasonable and necessary and equitable and just.  Those arguments are accurate.  Riley has made this litigation difficult, prolonged, and expensive, including by his resistance to discovery.  The jury in this court found that he breached his fiduciary duties to the Trust beneficiaries.  The state courts found a number of improprieties in his conduct relating to the Trusts.

Riley has filed objections to the fee application.  They are discussed below.  None is a basis for denying the relief sought, although additional information is needed.

Riley's objections that none of the plaintiffs is entitled to fees for any time spent before May 28, 2009, when an amended pleading was filed, and that Stanley is not entitled to fees at all, are unpersuasive.  He argues that the Trust-beneficiary plaintiffs did not prevail on any claims asserted before the second supplement to the third amended complaint and that Stanley was not a prevailing party in the final judgment.  Riley cites a Supreme Court case, *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989).  That case involved the standard for determining whether a

party has "prevailed" in a civil rights case so as to be eligible for a fee award under 42 U.S.C. § 1988.

That statute provides that a "prevailing party" may recover "a reasonable attorney's fee as part of the

costs."  42 U.S.C. § 1988(b).  By contrast, the attorney's fees sought in the present case are subject

to a different standard — whether the fees are reasonable and necessary and the award equitable and

just.  TEX. PROP. CODE ANN. § 114.064 ("In any proceeding under this code the court may make such

award of costs and reasonable and necessary attorney's fees as may seem equitable and just."); *In*

*re Ray Ellison Grandchildren Trust*, 261 S.W.3d at 127 ("[W]e are not dealing with whether a party

'incurred' fees; instead, our issue is whether the award of fees . . . pursuant to the Texas Trust Code

. . . was 'equitable and just.'").

Nor is there any basis in the record to assert that the fees should not be assessed for work

done before May 28, 2009.  The issue of Riley's breach of his duties as trustee of the three Trusts

and his self-dealing were part of this case well before May 28, 2009.  Both the original complaint

and the first amended complaint – filed in 2004 and 2005, respectively – asserted breach of fiduciary

duty claims and contained the following allegations:

> 1.  Riley has also waged war with Plaintiffs in Probate Court in an apparent
>     vendetta against Alpert, with the trusts as his personal war chest for the
>     funding of that vendetta, all to the detriment of these young beneficiaries; and
>
> 2.  Very little has been paid from the Trusts for the needs of the beneficiaries.
>     Instead they have become a feeding trough for Riley and his attorneys.

The third amended complaint, filed in May 2007, contained general allegations of breach of

fiduciary duties and self-dealing and set the stage for the more specific allegations that followed.

That complaint alleged that "[t]his is one of those cases which is based upon Riley's breaches of

fiduciary duties as an attorney and as purported trustee resulting from complete fabrications or

distortions, as well as breaches of confidentiality and self dealing."  That complaint further alleged

that "Riley appears to have continued to remove funds from the Trusts since the Final judgment in the Probate Proceeding was signed, but Riley has refused to provide timely and adequate accountings so that a specific review can be done of what has occurred."

The fact that Stanley was not named in the final judgment does not address the fact that the legal work for the Trusts and beneficiaries reasonably and necessarily included clarifying Riley's status, effecting his replacement, and addressing issues relating to that change.  Awarding fees for such work is, as a general matter, equitable and just.  Riley's first objection is without merit.

Riley's second objection is that the plaintiffs did not plead that they are seeking relief under the Texas Trust Act.  This objection is without merit.  The breach of fiduciary duty claims that were tried to a jury and on which the plaintiffs prevailed relate to, and arise from, the Trusts.  The Texas Trust Code, § 114, provides for attorney's fees in "any proceeding under this code."  That section applies to a claim for breach of fiduciary duty asserted against a trustee by a beneficiary.  *See, e.g., Lyco Acquisition 1984 Ltd. P'ship v. First Nat'l Bank of Amarillo,* 860 S.W.2d 117, 120 (Tex. App.—Amarillo 1993, writ denied) ("Section 114.001 of the code states that a trustee is accountable to a beneficiary for the trust property.  Thus, the duty owed by the Bank, as trustee, to Lyco, as beneficiary of a trust, can be said to arise out of the Texas Trust Code. (internal citation omitted)); *Texarkana Nat'l Bank v. Brown*, 920 F. Supp. 712–13 (E.D. Tex. 1996) (holding that the Texas Trust Code authorized the award of attorney's fees and costs to trust beneficiaries who recovered on claims that the trustee breached the trust terms and negligently administered the trust).  This objection does not preclude the fee award sought.

Riley's third category of objections is that the information the applicants provide is inadequate.  This objection is more persuasive.  Counsel for the plaintiffs relies on the argument that

5

while she is summarizing and estimating, it is such a conservative estimate that it should suffice. The problem is that the courts require more under the statute the plaintiffs rely on for the fees they seek. *See, e.g., Lesikar v. Moon*, 237 S.W.3d 361, 377–78 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (rejecting summary approach and requiring more detailed support to justify an attorney's fee award, particularly given the need to segregate fees between work on claims that would support the award and work that would not). The absence of adequate supporting information requires this court to deny the fee application without prejudice, permitting the applicants to resubmit it with time, billing, or similar records sufficiently detailed to allow the application of the factors that a court must examine to determine the reasonableness, necessity, equitableness, and justness of the fee award.

To the extent Riley also objects on the ground that Alpert has unclean hands or is a vexatious litigant, the argument is unpersuasive. Alpert is not seeking fees and the applicants are not seeking fees for work done on claims that did not involve the Trusts. And Riley's argument is of the pot-and-kettle variety, which further undercuts any application to this record.

## III.   Conclusion and Order

The motion for fees is denied on the basis of the present record, but without prejudice to resubmission with adequate evidentiary support, no later than **July 1, 2012**. Riley's objections are overruled except those addressing the adequacy of the current record support for the fees sought.

SIGNED on June 14, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

6