IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ALPERT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-3774 |
| | § | |
| MARK R. RILEY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The remaining issue in this case is the application for attorney's fees filed by two of the plaintiffs. The fee applicants are the trust beneficiaries, Roman Alpert and Daniel Alpert, and the intervenor, Linda Stanley. The intervenor became trustee of the Roman Alpert Trust ("RAT"), the Daniel Alpert Trust ("DAT"), and the 1996 Children's Trust after the federal and state litigation resolved most of the issues relating to the authority of the defendant, Mark R. Riley, to continue to serve as trustee of the three trusts.

The two plaintiffs and the intervenor initially applied for attorney's fees in January 2012. They based their application on § 114.064 of the Texas Trust Code, which provides that "[i]n any proceeding under this code the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just." TEX. PROP. CODE ANN. § 114.064. The original application was supported by an affidavit by the plaintiffs' counsel, Bobbie G. Bayless, summarizing the grounds for seeking the fees and expenses and for asserting that the amounts were reasonable and necessary. But the affidavit was not accompanied by copies of time records, billing statements, invoices, or other records showing or supporting the amounts sought. (Docket Entry No. 498.)

In response, Mark Riley filed a number of objections. (Docket Entry No. 517.) Though the court overruled most of those objections, the court found that the materials submitted in support of the fees were insufficient for the meaningful review that was required. The court explained that "[t]he absence of adequate supporting information requires this court to deny the fee application without prejudice, permitting the applicants to resubmit it with time, billing, or similar records sufficiently detailed to allow the application of the factors that a court must examine to determine the reasonableness, necessity, equitableness, and justness of the fee award." (Docket Entry No. 521, at 6.)

On July 23, 2012, the applicants submitted a second fee application that supplements their previous filing. (Docket Entry No. 524.) The second application includes extensive time, billing, and expense records detailing the work done, expenses incurred, and the bases for the fees sought. (Docket Entry No. 524-2.) Like the original application, the second application seeks attorney's fees for the time spent pursuing the plaintiffs' claims relating to the RAT, DAT, and the Children's Trust, at a discounted hourly rate of $200.00 per hour. The applicants do not seek fees relating to Riley's actions with respect to Robert Alpert unrelated to the three trusts. Nor do the applicants seek fees for any work solely related to claims against defendants other than Riley. The applicants do seek fees for work relating to other parties and claims that is so "inextricably intertwined" with the claims relating to Riley's involvement with the three trusts that it could not be separated. (Docket Entry No. 498, at 1.) Unlike the original application, the second fee application seeks to recover attorney's fees for 2,050 rather than 1,750 hours. Bayless's affidavit explains that the "exercise of preparing the invoices for submission to the Court has revealed errors . . . made in the calculations used in the original submission seeking fees." (Docket Entry No. 524-1, at 1.)

Riley has neither responded to the second fee application nor sought additional time to do so. After carefully reviewing the second application for attorney's fees and the supporting documentation, the court finds that attorney's fees sought are reasonable and necessary and that awarding them is equitable and just. *See Hachar v. Hachar*, 153 S.W.3d 138, 142–144 (Tex. App.—San Antonio 2004, no pet.) (summarizing the factors considered when awarding fees under § 114.064 of the Texas Trust Code and affirming a fee award based on similar evidence to that submitted in this case); *see also Alexander v. City of Jackson Miss.*, 456 F. App'x 397, 399–400 (5th Cir. 2011) (listing the factors federal courts examine when awarding attorney's fees, which are very similar to the Texas factors for assessing the reasonableness of attorney's fees). The discounted $200 hourly rate is clearly reasonable for an attorney with Ms. Bayless's experience and training and for the nature of the work involved. A review of the record shows that the fees sought are limited to those reasonably incurred in litigating with Mark Riley over the three trusts. The number of hours is reasonable given the complexity of the substantive and procedural issues raised, the length of this litigation, and Riley's own conduct in making it extraordinarily difficult for the plaintiffs and intervenor to obtain discovery responses and in raising so many legal issues requiring responses and resolution.

The second application for attorney's fees, (Docket Entry No. 524), is granted. The applicants are awarded $410,000 in attorney's fees, to be recovered from the defendant, Mark R. Riley.

SIGNED on August 15, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge