IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT ALPERT, et al., § | |
| § | |
| Plaintiffs § | |
| § | CASE NO. 4:04-CV-03774 |
| vs. § | |
| § | |
| MARK R. RILEY, et al., § | |
| § | |
| Defendants § | |

## POST-JUDGMENT STIPULATION AND ORDER CONCERNING APPLICATION FOR TURNOVER RELIEF

It is hereby stipulated and agreed by and between Judgment Creditors, Roman Alpert, Daniel Alpert, and Linda Stanley, Trustee ("Judgment Creditors"), and Judgment Debtor, Mark R. Riley ("Riley"), that:

1.  Riley will provide either replacements or the necessary affidavit(s) proving the authenticity and loss of the original instruments placed in the registry of the court on April 9, 2010, copies of which are found at Docket Entry 335. Those items will be delivered to Judgment Creditors' counsel no later than 12 noon on June 14, 2013.;

2.  Riley will execute all documents needed to assign the obligation owed to Bishop Rock, LP by Patriot Managed Care Solutions, Inc.("Patriot") and all rights relating thereto to the Roman Alpert Trust and the Daniel Alpert Trust and deliver such documents to Judgment Creditors' counsel on or before 12 noon on June 14, 2013. Those documents, together with the replacements for the lost instruments, will be placed in the registry of this court until September 3, 2013 on which date they will be released to Linda Stanley, Trustee for the Roman Alpert Trust and the Daniel Alpert Trust.; and

3. Riley will take no action individually or through Bishop Rock Management, Inc. which might impact in any way the assets, obligations to, or obligations of Bishop Rock, LP without first obtaining the express written permission of the Judgment Creditors, and Riley will keep Judgment Creditors fully informed of matters relating to Bishop Rock, LP so that all rights of Bishop Rock, LP relating to such assets or obligations will be preserved and protected. Nothing about this Stipulation will diminish the fiduciary obligations owed by Riley to Bishop Rock, LP in any manner.;

4. Riley will take all actions necessary to assist Patriot in complying with the requirements imposed by the State of Hawaii as conditions to the payment of funds owed on the contract securing the Patriot obligation to Bishop Rock, LP, to otherwise obtain payment from the State of Hawaii on that contract, and to carry out the terms of this stipulation. Judgment Creditors will be kept fully informed of the status of such compliance and any payments to be made by the State of Hawaii on the contract.;

5. Riley represents that neither he nor Bishop Rock, LP have received any further payments on the obligation owed by Patriot since the trial of this action.

6. Riley and Patriot, by separate agreement, have agreed that all payments made on the obligation owed by Patriot to Bishop Rock, LP will be paid 50% to the Roman Alpert Trust and 50% to the Daniel Alpert Trust and delivered to Judgment Creditors' counsel, rather than to Bishop Rock, LP. Riley and Patriot have further agreed that if, for any reason, such payments are not paid directly to the Roman Alpert Trust and the Daniel Alpert Trust, they will be delivered to the registry of this court, rather than to Bishop Rock, LP. No changes will be made to these payment arrangements without first obtaining the express written permission of the Judgment Creditors;

7. Based on these agreements, the Post-Judgment Application for Turnover Relief [Doc. 526] is withdrawn at this time by Judgment Creditors, without prejudice to its refiling.

AGREED:

/s/ Bobbie G. Bayless
*Bobbie G. Bayless*
Bayless & Stokes
State Bar No. 01940600
2931 Ferndale
Houston, Texas 77098
Telephone: (713) 522-2224
Telecopier: (713) 522-2218

*Attorneys for Judgment Creditors*

/s/ Mark R. Riley
Mark R. Riley
State Bar No. 16929700
2731 Robinhood St.
Houston, Texas 77005
Telephone: (713) 822-8935
Telecopier: (713) 346-6229

*Attorney for Judgment Debtor*

SO ORDERED: _____
UNITED STATES DISTRICT JUDGE

June 11, 2013
Date