**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT ALPERT, et. al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-3774 |
| | § | |
| MARK R. RILEY, et. al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.      Background**

On September 6, 2013, the court appointed Christopher Gillet as receiver over certain assets of defendant-debtor Mark Riley. (Docket Entry No. 541). On March 16, 2018, the judgment creditors moved to substitute the receiver. (Docket Entry No. 548). The court granted the motion and appointed Robert Berleth as receiver on March 28, 2018. (Docket Entry No. 549). On August 13, 2018, Riley moved for reconsideration of the March 28 order. (Docket Entry No. 552). He asks the court to vacate the order and deny the judgment creditors' March 18 motion. (*Id*. at 2).

**II.     Legal Standard**

The Federal Rules of Civil Procedure do not formally recognize a motion for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). Motions for reconsideration are treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or motions for relief from judgment under Rule 60(b), depending on when the motion is filed. *Demahy v. Schwarz Pharm. Inc.*, No. 11-31073, 2012 WL 5261492, at *2 n.2 (5th

Cir. Oct. 25, 2012) (citing *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). A motion for reconsideration is considered under Rule 59(e) if it is filed within 28 days of the court's ruling, and under Rule 60(b) if it is filed after that. *Demahy*, 2012 WL 5261492, at *2 n.2 (citing *Tex. A&M*, 338 F.3d at 400). This motion is considered under Rule 60(b) because it was filed more than 28 days after the court's March 28, 2018 order.

Rule 60(b) of the Federal Rules of Civil Procedure sets out five bases for relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. FED. R. CIV. P. 60(b) (1)–(5). Rule 60(b)(6) also allows a court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b)(6) is only granted when it is not covered by the five enumerated grounds and when "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir.1995) (citations omitted). "The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir.1991).

Rule 60(b) allows the trial court to "correct obvious errors or injustices." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir.1977). A party moving under Rule 60(b) must show "unusual or unique circumstances." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir.1985). A motion to reconsider may not be used to relitigate matters, raise arguments, or submit evidence that could have been presented before the judgment or order was entered. 11 WRIGHT & MILLER § 2810.1 at 127–28 (footnotes omitted). "A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the

court." *Texaco Exploration & Prod., Inc. v. Smackco, Ltd.*, No. Civ. A. 98–2293, 1999 WL 539548, at *1 (E.D. La. July 26, 1999) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)). A motion for relief under Rule 60(b) is "not a substitute for the ordinary method of redressing judicial error—appeal." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 696 (5th Cir.1983).

### III. Analysis

Riley claims that the judgment creditors "failed to serve [the March 28 motion to substitute the receiver] on [him] and Christopher Gillet, the [c]ourt appointed receiver, in accordance with Fed. R. Civ. P. 5 and Local Rule 5.5." (Docket Entry No. 552 at 2). Riley also claims that the judgment creditors notified him "of the motion . . . by email on the afternoon of March 27, 2018," the day before the court entered the order granting the motion. (*Id.*). Lastly, Riley observes that although the court required the first receiver to post a bond in the amount of $1,000, the March 28 order required a bond of only $100. (Docket Entry Nos. 540, 549).

Riley alleges improprieties and identifies a lowered bond amount, but he does not explain why he is entitled to relief under Rule 60(b). Nor does he show prejudice, "obvious errors, or injustice[.]" *Bell*, 564 F.2d at 736. Riley's motion for reconsideration, (Docket Entry No. 552), is denied because he fails to make an argument and appears to only "disagree[] with the court's decision." *Texaco Exploration*, 1999 WL 539548, at *1.

SIGNED on September 14, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

3